913-634-9711    4  6 7 6 9 7 8 9 1 2 1 2 1 2 1 3 4 4 5 6 7 7 6 7 9      9 9 9 9 9 9 9 9 9 9 9 9 Now, lots of ink has been spilled here, but I think that there are four main issues on appeal and I would like to go through them in the following lecture. There are four issues that the court has to resolve. The first is whether my law firm was entitled that the court has to resolve. to be compensated for Jennifer Tsai's time in working on Noel Waits' case. The case law, the Supreme Court case law, is, and the defendant conceded below, that the most critical factor here is the success, the level of success. So, what you're arguing here is Ms. Tsai's time, that is, the reduction in her rate? The reduction in her rate and the reduction in the time that she was awarded. The most critical factor is the success and the merits. The case law from this circuit is clear. One thousand dollars is the maximum under the statute. We got the client a thousand bucks. The client won. That most critical factor was never considered by the district court. The district court never said, by the way, she won the case. Jennifer Tsai won the case. The record was she reviewed the complaint, she interviewed the client, she supervised her paralegal in the early stages of discovery, she reviewed the evidence, she sent no fewer than three e-mails to defense counsel demanding settlement and conveying information regarding the case that she believed entitled us to recovery. The defendant confessed judgment. We won the case. Now, rather than considering that most critical factor, the district court here considered everything else. He considered whether she named the statute correctly. He considered whether she called the early case conference or the initial conference the right name. But I think that the right policy here and the right law is to compensate my firm for succeeding on behalf of Nolwaith in obtaining one dollar more than the maximum recovery under the statute. The evidence with regard to the rate was she said that this was her normal rate. Yes. And there was some reference to other cases in which people in Nevada had gotten similar rates. True. With similar experience. True. There was no declarations or anything as there usually is. She swore that this is her rate, which under the law of this circuit by itself could suffice. There was a record in the district court of other cases where similar amounts were awarded. The district court could also have looked at the billing sheet submitted by the opposition and the hourly rates for associates there varied from about $250 an hour upwards to $300. But, you know, the really weird thing about this case is it's obviously costing you more money to stand up here and argue about these hours than the hours are worth. I understand that the rest of it has a lot of principle behind it, for your law firm. I'm not sure why this does. But... There's some fees on fees arguments from Camacho down the road that, you know, should we, should I be able to convince the three of you to rule our way? There is possibly recovery of fees on fees. I think, counsel, the question is that you have a limited amount of time. Make sure you focus on the issue that matters to you the most. If this is the issue that matters the most, go for it. If there are other issues, in fact, that you were sanctioned and you might care more about that, you might want to spend your time talking about that. Well, let me respond to that. You know, in my mind, the fees and the recovery for the client is the primary focus. The fact that I was sanctioned is a secondary issue. As to that, the law  is clear. The district court is required to develop a detailed record finding of subjective bad faith. Now, the motion itself says that the district court itself that was made by the appellee here sought sanctions for a variety of different conduct. None of that was found to be valid. The magistrate found that the litigation was zealous, that everybody was doing a good job, but for one thing, and that's the request for an extension of time. The magistrate took issue with my not extending an extension. Now, as to that, there are two responses. Number one, you have to look at the context. Page 175 of that transcript shows that I left court five minutes before the discussion about the extension took place. So I wasn't in court when that was discussed. Number two, the letter from Mr. Riley. So who was left in court at that point? Mr. Bailey, an associate of his, and that was your local county. That was retained county. Yes. That's right. They represented you. Yes. No question. So Ms. Sy wasn't in court? I believe everybody but I, I left because I had a plane to catch. This was the second day of the hearings. But I couldn't say that for sure. The second issue is that the letter, the letter didn't ask for an extension. Now, I think it would have been fair for the district court judge to say, listen, I see here, if the letter were different, if the letter said, listen, we discussed this in court, and I said, no, I'm not going to do it, then I say fair game, sanction me. Well, let me stop you right there because I appreciate you making that concession. I'm not sure I would agree with you about the concession. Normally 1927 requires bad faith. And certainly, is there anything that could have stopped the magistrate judge here from saying, well, I think you're being unreasonable, Mr. Lemberg, I'm going to grant the extension. Had it been requested, I would have granted it. But even if they went to the court, and they went to the court and said, I object, Your Honor, no more extensions. Is there anything that would have prevented the magistrate judge from simply granting the extension? Nothing. I mean, I wouldn't have done it. The point is that one usually asks the court, not counsel, for an extension. And even if you agreed to it, and the magistrate is busy, my life is busy, I've never in my life denied an extension. They just didn't ask for one. But I'm just wondering, I mean, in my career, I was asked for extensions, and I always granted them. But if I, for some reason, had said no, in fact, I can think of one time in a trial, I said no, we need to go to trial, and I said no, I was never in fear of being sanctioned for simply not agreeing to an extension. So I'm going to be asking counsel the same question for    Now, we know that lawyers work at large firms.  work in governments. Lawyers work in small firms. Lawyers, they're solo practitioners at issue and winter ad. The key to that decision is to give lawyers guidance. Here are the four or five things you cannot do. If you do them, you've appeared, and you better file the pro hoc feature application. If you don't do them, you haven't appeared. And I think that as a policy makes sense as guidance for a district court. A district court, Ms. Huson previously appeared in any other litigation in Nevada? No. Okay. But the Lemberg firm had been counsel in a number of actions in Nevada and had not registered with the state bar as a firm. So couldn't the district court have denied a request for Ms. Huson even though this would not have been a problem on the part  the district court? I think to be fair, number one, the law of the circuit says state rules don't govern compensation in federal court. And so as to compensation you have to have a law firm     in Nevada and a full time office in Nevada and a full time office in Nevada and a full time member in Nevada. Now that's a different question as I understand it. The question therefore is assuming that you're not in Nevada and your firm is not in Nevada, you didn't have to register in Nevada, but you did and the question is whether you would have been admitted pro hoc vici, in other words, not as a Nevada firm, or whether she would have been had she applied. And on the one hand it's true that the local rules of the district court now, I'm not talking about Nevada rules, don't pertain to Nevada     Nevada rules. And on the other hand he wrote so much because he really wants to change the rules. But then he seemed to say, he didn't say it very discursively, but he seemed to say, well, if the question is whether she surely would have been admitted pro hoc vici, I'm telling you as a matter of discretion, I would have not admitted her. Is that what he said? Not because there was a rule against it, but because I wouldn't have. I mean, could he have been admitted as a matter of course? You could ask the same question there. Wait a second. In fact, that's why Winterrod never went off on that issue because it said it couldn't answer the question. But that guy was running around New York for a couple of years giving legal advice without license. That's the second circuit case. But here the district court was deeply concerned with the fact that the firm itself had made multiple appearances in Nevada was not registering and that Ms. Huson was clearly a representative of the state. Whatever Ms. Sy's status was, little ambiguous, Ms. Huson not ambiguous. And he says as a matter of discretion, I would not have admitted her here even though this would have been her first appearance in Nevada. This was a new issue that the magistrate brought up. The answer is who cares? It's $500. We'll gladly register. But that's not the issue here. We've left Nevada. Given that the magistrate was going to appoint the state's chief prosecutor as his expert in the case, I think there's no better signal for us to start packing our bags and go home. But ultimately your position is we don't get to this whole chain of argument because she did not actually appear. Huson? Yes. Not under the Wunderrad tests. And therefore the question of whether she could have been admitted or would have been admitted is immaterial. It's an alternative, but I think I would agree with that, yes. And it seemed to me that an awful lot of what you relied on seemed pretty bizarre to me. There's no reason that Cy had to be the lead judge  this case. I don't think that's an issue. That's not anywhere in the rules. She's a lawyer. She's doing her job. If you look at the evidence at trial, which was not in the decision, you'll see she's emailing her paralegals, she's emailing her lawyers, she's  with them. She's communicating with the lawyers. She's communicating with the other side. She's communicating with the lawyers. She's not just behind the scenes advising Ms. Cy or supervising her work. She contemplates that you can't be the  person communicating with the other side. That doesn't mean she hasn't appeared in the case in some way. Even though she hasn't appeared in court, she has appeared in the case and she certainly is visible to the other side. Winterhout contemplates you can be the other side. And more to the point, just because you're negotiating a case at some point doesn't mean you've appeared or done something unethical or a bagman or anything like that. In my reply I show you there was a fee application from the Holland firm for $200,000 worth of time. Nobody blinks an eye. I think I'm out of time. I apologize. Okay. Thank you very much. May it please the Court and counsel. My name is Pat Riley. I represent Clark County Collection Service. I would like to correct two statements off the bat. First of all, Mr. Riley, the Supreme Court has submitted two subpoenas signed by Ms. Hussen. You're making an assumption  an appearance. Filing and serving as a subpoena as an officer of the court, I believe that is an appearance. Yes. And when was that? That was in a case called Coors. When was it? When? Approximately, it was before. Before this happened, it was in a different matter against my client. That's how we had access to it because we received the subpoena about the same time that all of this was going on. So an appearance was made. But did she make an appearance in this case? Oh, absolutely. I believe she did. And what law would govern that? Winteraud would govern that. And she's made an appearance because she contacted your firm, you and your associate? Because of many things, yes, absolutely. She was not like Mr. Wheatley who was merely rendering legal support. She was doing far more than that. She supervised Ms. Tsai. What's wrong with that? When you add it all up. Why does it count? Because she is supervising a local counsel who is really just acting as a The term that                                 I would not do it. The question, however, is not whether it's kosher or not. The question is whether doing that constituted, of course, in the other case, constituted an appearance in weight. The answer to that is no. Because when she signed the subpoenas, the weight of the case, she did not sign the course subpoenas. So that's point one.    your Honor hit it right on. You have to supervise lawyers. You have to supervise lawyers. You have to supervise lawyers. You have to supervise lawyers if you're doing a responsible law firm. I've worked at a Texas firm. The management committee is composed of lawyers in Houston and Dallas and Austin. I'm in New York. All of my colleagues are in New York. One of our partners was on that committee. So you have to supervise lawyers to render excellent legal services to the client to win their cases. Now you're over your one minute. Thank you, counsel. The case of Wade v. Clark County is submitted. We'll go to Bustamante v. Colvin. Thank you, counsel.  much.  to serve
judges: Berzon, Bybee, Owens